# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| TERRI WALDRON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | |
| ) | **JURY DEMAND** |
| AUTOZONE, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Terri Waldron, by and through the undersigned counsel, and hereby files this Complaint against AutoZone, Inc. (hereinafter "Defendant") and shows this Honorable Court as following:

## PARTIES OF THE CASE

1.

At all times relevant to this Complaint, Plaintiff Terri Waldron was and is a resident of the City of Columbus, County of Muscogee, State of Georgia.

2.

Defendant is a corporation organized and existing under the laws of the State of Nevada. Defendant's principle place of business is located 123 South Front Street, Memphis, Tennessee 38103. Defendant owns and operates an AutoZone store located at 1321 South McKenzie Street, Foley, Alabama 36535. Defendant

may be served with process by service on its registered agent C T Corporation System located at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

## JURISDICTION AND VENUE

3.

Plaintiff incorporates by reference paragraphs 1 and 2 as if fully set forth herein.

4.

This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) because Defendant has sufficient minimum contacts with the State of Georgia and has intentionally availed itself of the market within Georgia by owning and operating numerous stores in the Middle District of Georgia, Columbus Division.  When served with process, Defendant will be subject to the jurisdiction and venue of this Honorable Court.

## **FACTUAL BACKGROUND**

6.

Plaintiff incorporates by reference paragraphs 1 through 5 of her Complaint as if fully set forth herein.

7.

On March 31, 2019, Defendant owned and operated an AutoZone auto parts store located at 1321 South McKenzie Street, Foley, Alabama 36535. On March 31, 2019, Defendant held AutoZone auto parts store open to the general public.

8.

On March 31, 2019, Defendant exercised dominion and control over the AutoZone auto parts store located at 1321 South McKenzie Street, Foley, Alabama 36535.

9.

On March 31, 2019, Defendant as owner and operator of the AutoZone auto parts store, had the non-delegable duty to maintain its store in a safe condition for invitees present on the premises.

10.

On March 31, 2019, Plaintiff Terri Waldron was present on Defendant's AutoZone auto parts store for the purpose of purchasing a new battery for the key

fob to her vehicle. On said date and time, Plaintiff Terri Waldron was an invitee on the premises of Defendant's AutoZone auto parts store.

11.

After entering Defendant's AutoZone auto parts store, Plaintiff Terri Waldron began to look for a battery to purchase.

12.

As she walked around an oil display stand, Plaintiff Terri Waldron stepped into a puddle of oil on the other side of the display that had spilled onto the floor. Plaintiff Terri Waldron's head hit the floor so hard that she lost consciousness.

## CLAIMS FOR RELIEF

## COUNT I – PREMISES LIABILITY

13.

Plaintiff incorporates by reference paragraphs 1 through 12 of her complaint as if fully set forth herein.

14.

On March 31, 2019, Plaintiff Terri Waldron was an invitee on Defendant's premises.

15.

At all times relevant and material to this cause of action, Defendant, its management, and its employees owed a duty to Plaintiff Terri Waldron to exercise

due care in maintaining its premises and in keeping its premises free of dangerous conditions.

16.

At all times relevant and material to this cause of action, Defendant, its management, and its employees owed a duty to Plaintiff Terri Waldron to inspect the premises for hazards which could have been discovered by reasonable inspection procedures.

17.

Defendant, by and through its management and employees, failed to exercise ordinary care and diligence in inspecting its premises and failed to maintain its premises in a safe manner, the failures of which directly resulted in serious personal injuries to Plaintiff Terri Waldron.

18.

As a direct and proximate result of the negligence of the Defendant, by and through its management and employees, Plaintiff Terri Waldron was caused to suffer a displacement of her cervical spine and two fractures of her pelvis.

19.

As a direct result of the personal injuries she sustained on Defendant's premises, Plaintiff Terri Waldron was required to and underwent medical care and treatment, thereby incurring necessary medical expenses.

## COUNT III - NEGLIGENT TRAINING AND SUPERVISION

20.

Plaintiff incorporates by reference paragraphs 1 through 19 of her Complaint as if fully set forth herein.

21.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that adequate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

22.

Defendant was negligent in training and supervising its employees.

23.

As a direct and proximate result of the Defendant's negligence in training and supervising its employees, Plaintiff Terri Waldron was seriously injured and incurred medical expenses, pain and suffering and other actual and special damages in an amount to be determined at trial.

24.

Plaintiff Terri Waldron is entitled to recover for her injuries, for the pain and suffering she sustained, and all elements of damages allowed under the applicable

law including, but not limited to, compensatory, general, special, incidental, and/or all other damages permitted.

25.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more of the above-stated acts were the proximate cause of the injuries and damages sustained by Plaintiff Terri Waldron. Defendant is liable for the injuries Plaintiff Terri Waldron sustained, her pain and suffering, her cost of treatment and all other elements of damages allowed under the applicable law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Terri Waldron demands judgment against Defendant for damages to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. For Plaintiff Terri Waldron to have a trial by jury;

b. Judgment for Plaintiff Terri Waldron and against Defendant;

c. Damages to compensate Plaintiff for her injuries, economic losses and pain and suffering;

d. Pre and post judgment interest at the lawful rate;

e. An award of attorneys' fees; and

    f.  For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

This 8th day of February, 2021.

                    **YATES LAW, LLC**

                    /s/ Albert "Todd" Maitland Yates, III
                    Albert "Todd" Maitland Yates, III
                    Georgia Bar No. 780360
                    Attorney for Plaintiff

**YATES LAW, LLC**
1375 Spring Street, N.W.
Atlanta, Georgia 30309
Telephone (404) 662-2227
Fax (404) 662-2228
tmy@yateslawllc.com